IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BRIANNA COBB, Individually, and as Mother )
and Next Friend of NEVAEH COBB, a Minor, )
                                      )
                       Plaintiffs, )     No. 12 C 6850
                                        )
vs.                                    )
                                        )     Judge Thomas M. Durkin
UNITED STATES OF AMERICA,          )
                                        )
                       Defendant. )

## ORDER APPROVING THE SETTLEMENT WITH
## THE UNITED STATES OF AMERICA ON BEHALF OF A MINOR

On this _____ day of _____, 20 , the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Nevaeh Cobb, a minor, by and through Brianna Cobb, her parent and next friend, and Brianna Cobb, individually.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as Exhibit "A." The Court has reviewed the Stipulation, and has heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States.

The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of Nevaeh Cobb, a minor.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit A, is hereby approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (hereinafter "Settlement Amount")

shall be distributed according to the terms and conditions of the Stipulation. With respect to the settlement check that will be made payable to the named plaintiffs pursuant to Paragraph 3.a.i. of the Stipulation, the Court hereby Orders the plaintiffs to endorse that check over to their attorney to be deposited into the attorney's client trust account to be used to pay the attorney's fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorney's fees in this action shall not exceed twenty-five percent (25%) of the settlement amount and shall be paid as provided in the Stipulation. The Court finds that the costs and expenses associated with the litigation are $ 74,237.24 and that such costs and expenses are fair, reasonable, and necessary. It is hereby Ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation. The Court finds that plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders plaintiffs, by and through their attorney, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that plaintiffs and their attorney shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs, upon final execution of the Stipulation and upon receiving notice from the United States Attorney's Office for the Northern District of Illinois that it has received the check for the amount of the Upfront Cash set forth in Paragraph 3.a.i. of the Stipulation, shall cause their attorney to file with the United States District Court for the Northern District of Illinois a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees. Upon the filing of such dismissal, the United States Attorney for the Northern District of Illinois shall transmit to plaintiff's attorney said check in the amount of the Upfront Cash. Subject to the terms and conditions set forth in Paragraph 3.a. of the Stipulation, plaintiffs' attorney shall distribute said Upfront Cash to the plaintiff after paying or resolving any lien or claim for reimbursement or payment for which plaintiff has agreed to be legally responsible under the terms of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

_____

THOMAS M. DURKIN
UNITED STATES DISTRICT JUDGE

Dated this_____day of_____, 20__

LAW OFFICES
PAVALON, GIFFORD & LAATSCH
TWO NORTH LA SALLE STREET, SUITE 1600
CHICAGO, ILLINOIS 60602
(312) 419-7400

NAVAEH COBB, A MINOR COBB, BRIANNA
2067 WEST 135TH STREET
BLUE ISLAND IL 60406

Page: 1
01/14/2015
ACCOUNT NO:     37239M
STATEMENT NO:          1

COBB, BRIANNA/NAVAEH COBB, MINOR V. SO.SUB. HOSP.

INTERIM STATEMENT

| Date | Description | Amount |
|---|---|---|
| 09/09/2010 | RECORD COPY SERVICES - COPY MEDICAL RECORDS | 165.72 |
| 09/27/2010 | EXPERT - DR. FRED DUBOE RETAINER | 1,000.00 |
| 10/27/2010 | FEDERAL EXPRESS TO DR. FRED DUBOE | 14.16 |
| 12/12/2010 | EXPERT - DR. FRED DUBOE REVIEW RECORDS, PREPARE REPORT | 1,800.00 |
| 08/24/2011 | CLERK OF THE COURT FEES - COMPLAINT FILING FEE | 567.00 |
| 08/24/2011 | SHERIFF OF COOK COUNTY - SUMMONS TO DR. BRAY & GLENWOOD | 120.00 |
| 08/24/2011 | SHERIFF OF DUPAGE COUNTY - SUMMONS TO SOUTH SUBURBAN HOSPITAL | 48.00 |
| 10/04/2011 | SHERIFF OF COOK COUNTY - SUMMONS TO DR. KENNETH BRAY | 60.00 |
| 11/08/2011 | CLERK OF THE COURT FEES - ALIAS SUMMONS | 6.00 |
| 11/18/2011 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- DR. KENNETH BRAY | 105.00 |
| 11/29/2011 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- DR. KENNETH BRAY | 55.00 |
| 01/09/2012 | HARRY C. LEE -LEGAL RESEARCH/PREPARE FEDERAL TORT CLAIMS FORM 95 | 927.50 |
| 01/24/2012 | US LEGAL SUPPORT -- MI-TE RECORDS -- ADVOCATE CHRIST MEDICAL CENTER | 99.00 |
| 01/25/2012 | FEDERAL EXPRESS TO BRIANNA COBB; ISAAC BYRD, JEFFREY DAVIS | 176.09 |
| 02/21/2012 | RECORD COPY SERVICES - RETRIEVAL OF RECORDS - ADVOCATE CHRIST HOSPITAL | 257.75 |
| 03/28/2012 | FEDERAL EXPRESS TO DEPT. OF HEALTH & HUMAN SERVICE | 14.25 |
| 08/24/2012 | HARRY C. LEE LEGAL SERVICES - DRAFTED FEDERAL COMPLAINT, RESEARCH | 997.50 |
| 09/13/2012 | HARRY C. LEE LEGAL SERVICES (COURT APPEARANCE 9/12/12) | 99.17 |
| 09/26/2012 | USDC COMPLAINT FILING FEE | 350.00 |
| 11/26/2012 | (AMEX) CAB FARE TO FEDERAL COURT MJH | 17.55 |
| 12/26/2012 | FEDERAL EXPRESS TO US ATTORNEY | 20.16 |
| 02/24/2013 | (AMERICAN EXPRESS) MTG. W/BRIANNA COBB - HARVEY, IL | 127.65 |
| 03/05/2013 | EXPERT - DR. FRED DUBOE - REVIEW RECORDS & MTG. | 800.00 |
| 03/19/2013 | BARBARA LEE & ASSOCIATES -- DEP. TRANS. DR. KENNETH BRAY | 580.80 |
| 03/27/2013 | (AMEX) DINNER MTG. W/DR. DUBOE (EXPERT) | 210.88 |
| 03/28/2013 | FEDERAL EXPRESS TO BRIANNA COBB AND RETURN LABEL | 67.53 |
| 04/04/2013 | WITNESS FEES - SUBPOENA FOR DEPOSITION OR TRIAL DR. JAYESH KOTHARI | 40.00 |
| 04/04/2013 | WITNESS FEES - SUBPOENA FOR DEPOSITION OR TRIAL - DR. M. AMMAN KATERJI | 40.00 |

NAVAEH COBB, A MINOR COBB, BRIANNA

COBB, BRIANNA/NAVAEH COBB, MINOR V. SO.SUB. HOSP.

| Date | Description | Amount |
|---|---|---|
| 04/04/2013 | WITNESS FEES - SUBPOENA FOR DEPOSITION OR TRIAL DR. RICHARD KAPLAN | |
| 04/04/2013 | WITNESS FEES - SUBPOENA FOR DEPOSITION OR TRIAL DR. YOON HAHN | 40.00 |
| 04/04/2013 | WITNESS FEES - SUBPOENA FOR DEPOSITION OR TRIAL DR. OUSAMA DALLAL | 40.00 |
| 04/08/2013 | STERN & ASSOCIATES, INC. -- PROCESS SERVER -- DR. RICHARD KAPLAN SUBPOENA | 40.00 |
| 04/09/2013 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR. KOTHARI | 55.00 |
| 04/11/2013 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR. DALLAL/DR. KATERJI | 55.00 |
| 04/16/2013 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR. HAIN | 55.00 |
| 04/17/2013 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR. HAIN | 55.00 |
| 04/25/2013 | STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR.KATERJI | 55.00 |
| 06/06/2013 | EXPERT - DR. AMMAR KATERJI - DEP. FEE | 55.00 |
| 06/07/2013 | MSI DETECTIVE SERVICES -- MYERS SERVICE, INC. - LOCATE 3 WITNESSES | 700.00 |
| 06/12/2013 | SUBPOENA FOR DEPOSITION - ROSE SALDANA RN | 390.00 |
| 06/12/2013 | SUBPOENA FOR DEPOSITION - ROSEMARY SCHNEIDER RN | 40.00 |
| 06/12/2013 | SUBPOENA FOR DEPOSITION - JOANN PSCHIGODA | 40.00 |
| 06/17/2013 | WITNESS FEES - DR. JAYESH KOTHARI FEE FOR DEPOSITION | 40.00 |
| 06/17/2013 | WITNESS FEES - SUBPOENA FOR DEPOSITION FOR DR. YOON HAHN | 550.00 |
| 06/18/2013 | SUBPOENA FOR DEPOSITION WITNESS FEE BABATUNDE ALI | 1,500.00 |
| 06/18/2013 | MJH - DEP. OF DR. KOTHARI  - TRAVEL | 40.00 |
| 06/21/2013 | MJH - TRAVEL EXPENSE - DEP. OF DR. KATERJI - OAK LAWN, IL | 76.40 |
| 06/25/2013 | MSI DETECTIVE SERVICES -- PROCESS SERVICE ROSE SALDANA | 153.09 |
| 06/26/2013 | MSI DETECTIVE SERVICES - SERVE SUBPOENA TO JOANN PSCHIGODA | 140.00 |
| 06/26/2013 | MJH - TRAVEL EXPENSES - DEPS. DR. KATERJI (OAK LAWN) & DR. KOTHARI | 130.00 |
| 06/27/2013 | SUBPOENA FOR DEPOSITION - WITNESS FEE TO JONI GLIWA | 197.15 |
| 06/27/2013 | (AMEX) MJH - TRAVEL EXPENSE - DEP. OF DR. KOTHARI 6/18/13 | 40.00 |
| 06/27/2013 | MSI DETECTIVE SERVICES -- LOCATE & SERVE SUBPOENA TO BABATUNDE O.ALI, HARVEY, IL | 76.40 |
| 06/27/2013 | MSI DETECTIVE SERVICES -- SERVE SUBPOENA TO ROSEMARY SCHNEIDER | 230.00 |
| 07/03/2013 | SULLIVAN COURT REPORTING SERVICE - DEP. OF DR. KOTHARI | 140.00 |
| 07/08/2013 | BARBARA LAKE & ASSOCIATES -- DEP. OF DR. AMMAR KATERJI | 258.00 |
| 07/10/2013 | MSI DETECTIVE SERVICES -- LOCATE DR.NINA MUHAMMAD | 411.60 |
| 07/11/2013 | SUBPOENA FOR DEPOSITION - WIT. FEE TO DR. NINA MUHAMMAD | 130.00 |
| 07/11/2013 | RECORD COPY SERVICES - COPY RECORDS FROM CD/ROM | 40.00 |
| 07/22/2013 | WITNESS FEES - DEPOSITION FEE FOR DR. OUSAMA DALLAL | 487.95 |
| 07/26/2013 | L.A. COURT REPORTERS LLC - DEPS. MICHELLE JACKSON, MAGGIE RAMIREZ, BRIANNA COBB | 500.00 |
| 07/26/2013 | SOUTHEAST WISCONSIN PROCESS LLC - SERVED DR. MUHAMMAD SUBPOENA | 548.20 |
| 08/01/2013 | SUBPOENA FOR DEPOSITION WITNESS FEE - DR. MARIO SANCHEZ | 15.00 |
| 08/01/2013 | SUBPOENA FOR DEPOSITION WITNESS FEE DR. HERNANDEZ-ARGUDIN | 40.00 |
| 08/07/2013 | SUBPOENA FOR DEPOSITION -  WITNESS FEE TO DR. BRETT R. GALLEY | 40.00 |
| 08/15/2013 | STERN  PROCESS & INVESTIGATION, INC. -- SUBPOENA TO DR.MARIO | 40.00 |

NAVAEH COBB, A MINOR COBB, BRIANNA

Page:
01/14/201
ACCOUNT NO:  37239N
STATEMENT NO:

COBB, BRIANNA/NAVAEH COBB, MINOR V. SO. SUB. HOSP.

| Date | Description | Amount |
|------|-------------|-------:|
| | SANCHEZ | |
| 08/15/2013 | STERN PROCESS & INVESTIGATION, INC. -- SUBPOENA TO DR. BRETT R. GALLEY | 55.00 |
| 08/16/2013 | BARBARA LAKE & ASSOCIATES -- DEP. OF DR. OUSAMA DALLAL | |
| 08/19/2013 | STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR. HERNANDEZ-ARGUDIN | 336.00 |
| 08/26/2013 | (AMEX) MJH CAB REIMBURSEMENT - DEPOSITIONS | 55.00 |
| 08/27/2013 | EXPERT - DR. FRED DUBOE - REVIEW DEPOSITIONS/DISCUSSIONS W/COUNSEL | 160.42 |
| 08/27/2013 | STERN & ASSOCIATES, INC. -- PROCESS SERVER -- SUBPOENA TO DR. HERNANDEZ-ARGUDIN | 3,840.00 |
| 08/28/2013 | FEDERAL EXPRESS TO DR. FRED DUBOE | 55.00 |
| 09/03/2013 | MSI DETECTIVE SERVICES -- LOCATE DR. HERNANDEZ-ARGUDIN | 36.14 |
| 09/10/2013 | BARBARA LAKE & ASSOCIATES -- DEP. OF DR. YOON SUN HAHAN | 130.00 |
| 09/15/2013 | BARBARA LAKE & ASSOCIATES -- DEP. OF DR. BABATUNDE ALI | 354.00 |
| 09/18/2013 | SCOTT FORREST STERN & ASSOCIATES, INC. -- PROCESS SERVER -- DR. GONZALO HERNANDEZ-ARGUDIN | 446.40 |
| 09/26/2013 | (AMEX) - GLG TRAVEL TO HAZEL CREST, IL FOR DEP. | 55.00 |
| 10/02/2013 | BARBARA LAKE & ASSOCIATES -- DEPS. OF ROSEMARY SCHNEIDER & ROSE SALDANA | 55.00 |
| 10/14/2013 | SUBPOENA FOR DEPOSITION - DR. GONZALO HERNANDEZ-ARGUDIN WITNESS FEE | 480.00 |
| 10/14/2013 | SUBPOENA FOR DEPOSITION - DR. MARIO SANCHEZ WITNESS FEE | 1,000.00 |
| 10/14/2013 | SUBPOENA FOR DEPOSITION - DR. BRETT GALLEY WITNESS FEE | 1,000.00 |
| 10/21/2013 | MJH - TRAVEL TO MILWAUKEE - DEP. OF DR. MUHAMMAD | 1,000.00 |
| 10/23/2013 | FEDERAL EXPRESS DR. RICHARD COLAN | 144.54 |
| 10/28/2013 | EXPERT - DR. RICHARD V. COLAN - INITIAL MEDICAL RECORD REVIEW/PHONE CONF. | 12.74 |
| 11/01/2013 | GRAMANN REPORTING - DEP. OF DR. MUHAMMAD | 3,365.00 |
| 11/05/2013 | MJH - DEP. OF DR. GALLEY | 268.40 |
| 11/13/2013 | RECORD COPY SERVICES - COPYING DISKETTE/CD-ROM | 108.37 |
| 11/14/2013 | MJH - TRAVEL TO OAK LAWN, IL FOR DEPOSITIONS | 129.00 |
| 12/03/2013 | BARBARA LAKE & ASSOCIATES -- DEP. OF DR. BRETT GALLEY | 134.15 |
| 12/05/2013 | BARBARA LAKE & ASSOCIATES -- DEPS. DR. HERNANDEZ/DR. SANCHEZ | 297.60 |
| 12/25/2013 | FEDERAL EXPRESS - DR. COLAN | 412.80 |
| 01/15/2014 | MJH - TRAVEL TO MILWAUKEE, WISCONSIN FOR IME WITH DR. COLON & CLIENT (AMEX) | 16.03 |
| 01/17/2014 | RECORD COPY SERVICES - COPYING CD-ROM (MEDICAL RECORDS) | 490.83 |
| 01/21/2014 | MJH TRAVEL TO PALOS HEIGHTS FOR DEPOSITION (AMEX) | 485.15 |
| 01/23/2014 | EXPERT - DR. RICHARD V. COLAN RETAINER FEE | 171.14 |
| 02/05/2014 | SULLIVAN COURT REPORTING SERVICE - DEP. OF JONI GLIWA | 5,000.00 |
| 02/10/2014 | EXPERT - DR. RICHARD V. COLAN - IME, REVIEW RECORDS, CONFERENCE CALL | 335.60 |
| 02/26/2014 | FEDERAL EXPRESS TO DR. COLAN & DR. DUBOE | 2,870.00 |
| 02/27/2014 | EXPERT - DR. RICHARD V. COLAN - MEDICAL RECORD REVIEW, ATTORNEY CONFERENCE | 89.37 |
| 03/05/2014 | EXPERT - DR. FRED DUBOE - REVIEW DEPS. RN SCHNEIDER, RN SALDANA, REP. DR. COLAN | 7,485.00 |
| 03/26/2014 | FEDERAL EXPRESS - DR. FRED DUBOE | 1,520.00 |
| 03/26/2014 | RECORD COPY SERVICES - ADVOCATE SOUTH SUBURBAN HOSPITAL | 21.34 |
| 05/28/2014 | FEDERAL EXPRESS DR. DUBOE AND DR. COLAN | 313.50 |
| 05/28/2014 | EXPERT - DR. FRED DUBOE - PREP. OF RULE 26 REPORT | 66.64 |
| 06/16/2014 | EXPERT - DR. FRED DUBOE - DEPOSITION FEE | 1,000.00 |
| | | 1,500.00 |

NAVAEH COBB, A MINOR COBB, BRIANNA

Page: 4
01/14/2015
ACCOUNT NO: 37239M
STATEMENT NO: 1

COBB, BRIANNA/NAVAEH COBB, MINOR V. SO.SUB. HOSP.

| Date | Description | Amount |
|---|---|---|
| 07/18/2014 | L.A.. COURT REPORTERS INC. - DEP. OF DR. FRED DUBOE | 358.80 |
| 07/20/2014 | EXPERT - DR. FRED DUBOE - DEPOSITION PREP. & TESTIMONY | 4,920.00 |
| 07/23/2014 | FEDERAL EXPRESS TO DR. FRED DUBOE | 24.50 |
| 07/27/2014 | 7/10/14 - DINNER MTG. W/EXPERT DR. DUBOE | 191.84 |
| 08/21/2014 | EXPERT - DR. RICHARD COLAN DEPOSITION FEE | 9,607.50 |
| 09/05/2014 | L.A. COURT REPORTERS - DEP. OF DR. RICHARD COLAN | 404.70 |
| 10/23/2014 | JAMS, INC. - MEDIATOR'S RETAINER/FEE | 3,475.00 |
| 11/11/2014 | EXPERT - DR. FRED DUBOE FINAL INVOICE | 2,000.00 |
| 11/13/2014 | JAMS INC. - ADDITIONAL MEDIATOR'S FEE | 975.00 |
| 11/26/2014 | ADDITIONAL MEDIATOR FEE - JAMS, INC. | 13.48 |
| 11/26/2014 | FEDERAL EXPRESS TO JAMS, INC. AND BRIANNA COBB | 53.76 |

TOTAL EXPENSES 73,530.24

TOTAL CURRENT WORK 73,530.24

BALANCE DUE $73,530.24

***Probate costs $707.00

$74,237.24

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

BRIANNA COBB, Individually and as
Mother and Next Friend of NEVAEH
COBB, a Minor,

                             **Plaintiffs**                Civil Action No. : 1:12-cv-6850

        **v.**

THE UNITED STATES OF AMERICA,

                             **Defendant**

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the Defendant United States of America (hereinafter "United States") and the "Plaintiffs," meaning every person who, by signing this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation"), is waiving and releasing past, present, and future claims against the United States arising from the subject matter of the above-captioned action, whether or not said person is a party to this action, collectively, "the Parties," by and through their respective attorneys, as follows:

1.   The Parties to this Stipulation do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.   This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees (including persons deemed to be employees of the United States pursuant to 42 U.S.C. 233), and it

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

                         - 1 -



is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by all Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, including the terms and conditions of this Stipulation, the United States agrees to pay the cash sum set forth below in Paragraph 3.a. and to purchase the annuity contract described below in Paragraph 3.b.

a. Within three business days after counsel for the United States receives (1) this Stipulation signed by all Parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) a court Order approving the settlement on behalf of Navaeh Anais Cobb, a minor; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Health Resources and Services Administration, Department of Health and Human Services, requesting that the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (hereinafter "Settlement Amount") be expeditiously sent by electronic funds transfer ("EFT") to the Mesirow Financial Structured Settlements, LLC (hereinafter "Mesirow Financial") Client Trust Account (hereinafter "Trust Account"). Within five business days after Mesirow Financial has received (1) notice from its bank that the Settlement Amount has been deposited into said Account and (2) the birth certificate and social security cards of Navaeh Anais Cobb and Brianna Anas Cobb, Mesirow Financial agrees to distribute the Settlement Amount, as provided below in subparagraphs 3.a.(1) and 3.a.(2).

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

(1)   A check in the amount of One Million Dollars ($1,000,000.00) (hereinafter "Upfront Cash") made payable to Nevaeh Anais Cobb, a minor, by her mother and natural guardian, Brianna Anas Cobb, and Brianna Anas Cobb, individually, and delivered to the United States Attorney's Office for the Nothern District of Illinois to hold until Plaintiffs have obtained an Order from the United States District Court for the Northern District of Illinois dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States.   Upon entry of said Order, the United States will tender said Upfront Cash check to Plaintiffs' attorney. Plaintiffs agree to endorse the Upfront Cash check over to their attorney to be deposited in their attorney's client trust account to facilitate the disbursement of the Upfront Cash as authorized by the approving court.   With respect to the payment of the Upfront Cash, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement agreement, or any such equivalent forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account.   Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent.   However, nothing in this Paragraph 3.a.(1) precludes the Plaintiffs from purchasing standard, non-structured settlement annuities after the Plaintiffs have cashed the Upfront Cash settlement check, but they agree that they will not

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

- 3 -

represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

(2)   The amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) (hereinafter "Annuity Funding") paid to an annuity company(ies) rated at least A by A.M. Best Co. rating service to purchase the annuity contract described below in Paragraph 3.b.

The Parties agree that any attorneys' fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount (28 U.S.C. § 2678).   The Parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of Navaeh Anais Cobb, a minor, shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto.   The Plaintiffs agree to pay all the costs, expenses, and Guardian Ad Litem fees associated with obtaining such court approval.   The Parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

The Plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action.   The Plaintiffs stipulate and agree that they will

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. The Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

b. The United States will purchase an annuity contract on the following terms and conditions:

(1) The annuity contract will pay $5,006.90 per month to Navaeh Anais Cobb or an account opened in the name of Navaeh Anais Cobb or for her benefit beginning one month from the date of purchase and continuing for the life of Navaeh Anais Cobb (DOB as provided by Plaintiffs: January 20, 2010), with thirty (30) years certain. In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted downward or upward to ensure that the total premium cost of the annuity contract is equal to One Million Five Hundred Thousand Dollars ($1,500,000.00), and not more or less than that amount.

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

Upon the death of Navaeh Anais Cobb, any payments remaining during the certain period shall be paid to Brianna Cobb. If Brianna Cobb predeceases Naveha Anais Cobb, any payments remaining during the certain period shall be paid to the estate of Navaeh Anais Cobb.

(2) The annuity contract being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Mesirow Financial as specified above in Paragraph 3.a. Plaintiffs stipulate and agree that they and their representatives (including consultants, brokers, and experts) will not contact Mesirow Financial or its broker agents. The Parties stipulate and agree that the United States' only obligation with respect to an annuity contract and any annuity payments therefrom is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The Parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

(3) The Parties stipulate and agree that the annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4) The Parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the Parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

- 6 -

execution or any legal process for any obligation in any manner, and that the Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(5)   Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for Navaeh Anais Cobb and to notify the annuity company and the United States of the death of Navaeh Anais Cobb within ten (10) days of death.   Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns do hereby further agree to provide a certified death certificate within thirty (30) days of the death of Navaeh Anais Cobb.

4.   Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the sums set forth above in Paragraph 3.a. and the purchase of the annuity contract set forth above in Paragraph 3.b. in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Navaeh Anais Cobb, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States,

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

and its respective officials, agencies, representatives, officers, employees (including persons deemed to be employees of the United States pursuant to 42 U.S.C. 233), agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action. Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and their attorneys stipulate and agree that the Plaintiffs, by and through their attorney, will satisfy or resolve any and all known claims for payment or reimbursement and any and all known liens asserted by any individual or entity before distributing to the Plaintiffs any portion of the Upfront Cash paid pursuant to Paragraph 3.a.(1) above. The Plaintiffs and their attorneys further agree that, no later than ninety (90) days from the date the United States has paid the Settlement Amount, Plaintiffs' attorney shall provide to the United States evidence that each known claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

- 8 -

United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

5. This compromise settlement is specifically subject to each of the following conditions:

      a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

      b. The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the Parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The Parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

      c. Navaeh Anais Cobb must be alive at the time the annuity contract described above in Paragraph 3.b. is purchased. In the event of the event of the death of Navaeh Anais Cobb prior to the date said annuity contract is purchased, the entire Stipulation and compromise settlement are null and void.

      d. Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of Navaeh Anais Cobb, a minor. The terms of the order

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

approving the settlement on behalf of Navaeh Anais Cobb, a minor, shall be provided by the United States and are a condition of this settlement. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. The Plaintiffs must obtain such court approval order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

        e. Plaintiffs must provide the United States with a complete set of the **extant** medical records of Navaeh Anais Cobb (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date the Plaintiffs sign this Stipulation. The Plaintiffs must provide all such **extant** medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. As of the date they sign this Stipulation, Plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records, documents, and information in their possession or available to them, and that, after having conducted said due diligence search, they are unaware of, and have no knowledge of, any such extant medical records that were not previously been produced to the United States by the Plaintiffs. In the event said records and reports reveal that Navaeh Anais Cobb had or has any such potentially life-threatening or life-shortening diseases or illnesses not

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

      f.  Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action.   This condition is for the benefit of the United States exclusively.   The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.   Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and files, the Plaintiffs and their attorney are unaware of any such potential tortfeasor.

      g.  In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of Illinois or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim.   For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiffs. The Plaintiffs must obtain such release and waiver before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. The Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from the plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

h. The United States District Court for the Northern District of Illinois must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

i. The payment of this settlement is subject to the availability of sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

6. The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

7.    Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of the Plaintiffs.   Defendant does not warrant any representation of any tax consequences of this Stipulation or the settlement.   Nothing contained herein shall constitute a waiver by Plaintiffs of any right to challenge any tax consequences of this Stipulation and the settlement.

8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation, that they are fully authorized to enter into the terms and conditions of this agreement, and that they agree to be bound thereby.   Plaintiffs further acknowledge that they have entered into this Stipulation and the settlement freely and voluntarily.   Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation and the settlement with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation and the settlement.

9.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.   All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____, 2014.

United States of America


By:    _____
        Abigail Peluso, Asst. U.S. Attorney,
        Attorney for The United States of America, the defendant

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

- 13 -

Executed this _18 TH_ day of _November_, 2014.

Pavalon & Gifford,

By: _____

    Geoffrey Gifford

    **Attorneys for Plaintiffs**

*Cobb, et al. v. United States,*
**Stipulation for Compromise Settlement
and Release**

- 14 -

Executed this ~~19th~~ 24 day of ~~28~~ NOV. , 2014

Navaeh Anais Cobb, a minor plaintiff

By: _____

Brianna Anas Cobb,
Guardian and mother of Navaeh Anais Cobb, a minor

*Cobb, et al. v. United States,*
Stipulation for Compromise Settlement
and Release

- 15 -

Executed this 24 day of NOV , 2014

Brianna Anas Cobb


Brianna Anas Cobb, Individually

Executed this_____day of_____, 2014.

Mesirow Financial Structured Settlements, LLC


By: _____

       Tom Walsh
       Mesirow Financial Structured Settlements, LLC
       Structured Settlement Broker